### STRONG V. AVERY.

It must appear from the plaintiff's declaration, in an action brought to the City Court, that the cause of action arose within the city.

WRIT OF ERROR to reverse a judgment of the City Court, in an action on book, Avery v. Strong, in which said Avery declares in common form, and is described of the city of Hartford. Plea of tender. Verdict for the plaintiff.

Defendant moved in arrest — That the plaintiff had not averred in his declaration that the cause of action arose within the jurisdiction of said City Court. That two things were

requisite to give the City Court jurisdiction. 1st. That one or both of the parties, should live in said city. 2d. That the cause of action should arise within the limits of said city; and which must appear by the plaintiff's writ and declaration. This motion was adjudged insufficient by the City Court.

Error assigned — That said motion ought to have been adjudged sufficient.

Judgment — Manifest error. The City Courts are special limited jurisdictions; and it ought to appear on the record, that the actions which come before them, and the cause of action, are within their jurisdiction. This not being shown, it doth not appear that the City Court had jurisdiction.